UNDERWOOD, EXECUTRIX, v. SAMPLE.

DECEDENTS' ESTATES.—*Executor may Extend Time of Payment.—Agent.—Principal and Surety.*—An executor has power, either personally or through an agent, to extend the time of payment of a debt due the estate of his testator.

SAME.—*Extension of Time.—Agreement.—Delivery.— Evidence.*—Where, in an action on a promissory note, a surety alleged an agreement for an extension of time as a defence, evidence by the principal maker that the agent of the executrix of the payee of the note had made a written memorandum of an agreement extending the time of the payment of the note, which the witness had read, but the exact contents of which he could not recollect, nor whether it was signed or not, and which was not delivered to him, but was retained by such agent, is not sufficient to sustain such defence.

*Held*, also, that such proof did not establish a parol agreement, and failed to prove any valid written agreement for an extension of time.

SAME.—*Execution of Mortgage, to procure Extension.—Inadequacy of Security.*—Where, in such action, the answer alleges the execution of mortgage security as the consideration of an alleged extension of time, it is not a sufficient reply to allege that the value of the mortgaged premises was inadequate to fully secure the debt.

SUPREME COURT.—*Bill of Exceptions.—Petition for Rehearing.*—Where an objection to a bill of exceptions was not referred to by the appellee in his original brief, and is for the first time presented in his petition for a rehearing, it will not then be considered by the Supreme Court. The appellee is as much bound to present in the first instance all the questions relied upon by him as is the appellant, and his failure to do so operates in the same way, against him, upon his application for a rehearing.

From the Tippecanoe Circuit Court.

*W. D. Wallace* and *A. A. Rice*, for appellant.

*J. R. Coffroth, W. C. Wilson* and *J. H. Adams*, for appellee.

NIBLACK, J.—This was a suit by Christiana Underwood, executrix of the last will of her late husband, John Underwood, deceased, against David McBride and John G. Sample, upon a promissory note for $6,000, executed by the said McBride and Sample to the said John Underwood, on the 1st day of June, 1869, and payable five years after date.

McBride made default. Sample answered in two paragraphs:

1. Payment by McBride, before the commencement of the suit.

2. That he signed the note only as surety for McBride; that on the 9th day of April, 1873, more than a year before the note became due, the plaintiff, as such executrix, through her son and authorized agent, Thomas Underwood, without the knowledge and consent of him, the said Sample, made and entered into an agreement with McBride, the principal in the note, whereby she agreed to extend the time of the payment of the note for five years after its maturity, in consideration of the execution by McBride and wife of a mortgage on certain lots in the town of Oakland, in Tippecanoe county, securing the payment of the note sued on, and another note for $5,800, executed by McBride to the decedent, John Underwood, and a third note executed by McBride to Kate C. Johnson, a daughter of the decedent, for $2,300; that the estate of the decedent was worth $20,000 over and above all debts and demands against it, and that the whole estate had been devised and bequeathed to the plaintiff.

A demurrer to the second paragraph of Sample's answer as above was overruled.

The plaintiff replied:

1. In denial of both the first and second paragraphs of the answer.

2. To the second paragraph, that, at the time of the execution of the mortgage mentioned, McBride was insolvent, and had since continued so to be; that Sample was worth, in real estate and personal property subject to execution in Tippecanoe county, at least $25,000; that the real estate described in the mortgage was not, at the time it was mortgaged, worth more than $10,000; that Ann E. Underwood, wife of the said Thomas Underwood, was, at the time of the execution of the mortgage, the equitable owner of one-half in value of the lands included in the

mortgage, all of which was well known to the said Mc-
Bride and Thomas Underwood.

Sample demurred to this second paragraph of the reply,
and his demurrer was sustained.

Upon a trial by a jury, a verdict was returned in favor
of Sample, and a motion for a new trial, challenging the
sufficiency of the evidence, being first interposed and over-
ruled, judgment followed in his favor upon the verdict.

The objection urged to the sufficiency of the second par-
agraph of Sample's answer was, that the plaintiff, in her
capacity as executrix, had no power to make such a con-
tract for the extension of the time of payment of the
note in suit, as that set up in that paragraph.
That objection was, we think, not well taken. The
executor has, in this State, a general, and in many respects
an absolute, power over the debts due the estate of his tes-
tator. When done without fraud or collusion, he may
assign or release such debts and may exercise general acts
of ownership over them in regard to their security or col-
lection, subject only to his liability on his bond for any
loss which may occur by reason of his mismanagement of
such debts. 2 Williams Executors, 6th Am. ed., 998; Toller
Executors, 425; *Hamrick* v. *Craven*, 39 Ind. 241; *Thom-
asson* v. *Brown*, 43 Ind. 203; *Weyer* v. *The Second National
Bank of Franklin*, 57 Ind. 198. The power of an executor
to extend the time of payment of a debt appears to us to
be plainly inferrible from his other powers, enumerated as
above.

The second paragraph of the reply set up nothing in
avoidance of the facts alleged in the paragraph of an-
swer to which it was addressed, and was hence evidently
bad upon demurrer.

As regards the evidence, we feel constrained to say that,
in our estimation, there was none which fairly tended to
show that the note had been paid. Interest appears to

have been paid upon it up to, or until near, the time it was due, without any claim that it had been paid. As to the various sums of money, in which McBride had an interest, which were shown to have been received from time to time by Thomas Underwood, all the circumstances clearly indicate to our minds that none of them were applicable as payments on the note, or were intended so to be, but had relation to other and distinct business transactions.

McBride testified, in support of the second paragraph of the answer of Sample, that Thomas Underwood suggested that the time ·of payment of the note could be extended if security could be given, and that, as it was the understanding all the time that the debt was a lien on the lands afterward mortgaged, he readily consented to give the mortgage ; that, about the time the mortgage was made, Thomas Underwood sat down at the table in his office and made a written memorandum extending the loan five years ; that the mortgage was made in consideration of that extension of time; that the agreement for the extension of time was in writing and consisted of a little memorandum as above described ; that Thomas Underwood kept the memorandum, and that he, McBride, did not know where it then was; that he, McBride, did not have the memorandum in his hands, and could not say whether any one signed it or not, or give its exact contents ; that it was not read over to him, nor did he read it himself, except as he looked over Thomas Underwood's shoulder when it was written.

This is a substantial synopsis of all the evidence given to establish the alleged agreement for the extension of time on the note, and the evidence thus given did not, in our opinion, sustain the allegation that there had been such an agreement made. This evidence excluded all claim that there had been any parol agreement for exten-

sion, and failed to show any valid written agreement for that purpose.

It did not show, either that the written memorandum referred to was signed by any one, or that it had been delivered to McBride. On the contrary, it was made apparent that there had been no such a delivery of the memorandum as was necessary to give it validity, conceding that it had been properly signed. Neither was it shown that the memorandum purported to be an agreement entered into by or on behalf of the plaintiff.

Upon a careful examination of the evidence, we are brought to the conclusion that it did not sustain the verdict, and that a new trial ought to have been granted.

The judgment in favor of Sample is reversed, at his costs, and the cause remanded for a new trial.

## ON PETITION FOR A REHEARING.

NIBLACK, J.—The appellee has filed an earnest petition for a rehearing in this case, upon the alleged ground that the bill of exceptions shows on its face that all the evidence given upon the trial is not in the record, and that, hence, the question of the sufficiency of the evidence to sustain the verdict was not properly before this court at the hearing. The appellant denies that there is any thing in the bill of exceptions either showing or tending to show that it does not contain all the evidence given in the cause, and insists that there is no defect in the record with respect to such evidence.

The objection thus urged to the bill of exceptions was not made, or in any manner referred to, by the appellee in his original brief, and is for the first time now presented by his petition for a rehearing. By the well established practice of this court, the objection comes too late. We can not now be called upon to reopen the cause for the purpose of inquiring whether

there may not have been some defect in the record, of which the appellee might have availed himself, when he filed his original brief, but did not. The appellee is as much bound to present, in the first instance, all the questions relied upon by him, as is the appellant, and his failure to do so operates in the same way, against him, upon his application for a rehearing.

In that respect both parties stand in the same relation to this court. *Brooks* v. *Harris*, 42 Ind. 177; *Heavenridge* v. *Mondy*, 34 Ind. 28; *Yater* v. *Mullen*, 24 Ind. 277; *Porter* v. *Choen*, 60 Ind. 338; *The New Albany, etc., R. R. Co.* v. *Huff*, 19 Ind. 315; *Graeter* v. *Williams*, 55 Ind. 461.

Besides, the alleged omissions in the bill of exceptions are of a character which, if found to exist, might easily be supplied by a writ of *certiorari* from this court, in the event that a rehearing should be granted, and thus the objection now urged by the appellee to the bill of exceptions would be obviated upon a resubmission of the cause.

The petition for a rehearing is overruled.