Filed Oct. 19, 1893.

---

No. 803.

### DITMAR, GUARDIAN OF WEST, *v.* WEST.

CONTRACT.—*Consideration.*—*Release of Guarantor.*—*Forbearance to Sue.* —*Promissory Note.*—Where a guarantor of a promissory note, after the same was due, went to the payee and offered to pay him the full amount due on the note, and have the note delivered to him for collection, but the payee refused to accept the amount and deliver the note, and promised to release the guarantor upon his forbearance to sue, the surrender of the right to sue by the guarantor was sufficient consideration to sustain the contract of release.

GUARDIAN AND WARD.—*Contract.*—*Release of Guarantor.*—*Consideration.*—A guardian has the power, upon sufficient consideration, in the absence of fraud, to release a guarantor of a debt owing his ward, and, in such a case, forbearance to sue may be sufficient consideration.

From the Allen Superior Court.

*J. E. Rose* and *J. H. Rose*, for appellant.

*A. Zollars* and *B. T. Calvert*, for appellee.

GAVIN, C. J.—The appellant sued appellee upon a contract of guaranty of a note assigned by him to appellant in 1878, alleging the death of the maker of the note and the settlement of his estate, with a final dividend paid on the note in 1881.

The complaint sought to recover the unpaid balance due on the note.

The appellee answered, that in July, 1881, more than two years after the maturity of the note, having learned that the note was still unpaid, he went to appellant and told him he could collect the note from the maker, and that he desired to pay appellant the amount of the note and have it returned to him, in order that he might sue on and collect it; that at this time he tendered appellant the amount of the note, and demanded that it should be accepted and the note returned to him; that, in response to this demand, appellant said that the maker would pay the note, and he did not want him sued; and that, in consideration of the saving of said Shafer from such annoyance and suit, and appellee's waiver of his right to demand payment of said note from the maker, and to sue him upon said note, the appellant agreed to, and did, release appellee from all liability upon said guaranty, to which appellee agreed, and took no further steps to protect himself.

To the answer a demurrer was overruled, with an exception.

Appellant insists that the answer was bad—1. Because there was no consideration for the release. 2. Because there was no *adequate* consideration for it. 3. Because the appellant had no power as guardian to release appellee.

It is elementary law that anything is a valuable consideration for a contract which is of advantage to the one

or of disadvantage to the other. 2 Kent's Com., 465; *Donahoe* v. *Rich*, 2 Ind. App. 540.

It is also well established that where the parties agree to a consideration which is of indeterminate value, the courts will not substitute their judgment for that of the parties, but will uphold the contract. *Price, Admr.*, v. *Jones*, 105 Ind. 543; *Wolford* v. *Powers, Admr.*, 85 Ind. 294.

Forbearance of suit is a sufficient consideration to support a contract. 1 Parsons on Cont., *441.

Without paying the note, appellee could not proceed to collect it, by suit or otherwise, from the maker. The appellee waived this right. Having tendered the amount of the note, and demanded its return, whereby a right of action against the maker would vest in him, he surrendered this right and received his release from appellant. This right, thus surrendered, indeterminate and uncertain in its actual value, so far as the pleading shows, was, nevertheless, such a right as that its surrender constitutes sufficient consideration to sustain the contract of release. The parties so esteemed it and acted upon it for more than ten years.

The case of *McClellan* v. *Robe*, 93 Ind. 298, is easily distinguishable from this, because there the sole makers of the note, who were the principals, attempted to set up the agreement of release. In the answers there held bad, nothing upon the part of the makers is alleged as a consideration for the release, except the tender of the money. Here the guarantor pleads the release, and not only shows a tender, but a surrender of his own rights.

Neither is there anything in the decision of the case of *Pope* v. *Vajen*, 121 Ind. 317, which militates against this position. It is there expressly held that under the facts alleged no payment was necessary to enable the party pleading the release to maintain an action against the

principals on the note. In the case at bar, such a payment, and the revesting in him of the right to the note, were necessary to enable appellee to maintain the action. Whatever may be said in that opinion, which contravenes, in any degree, our present holding, is simply by way of argument upon an hypothetical state of facts which the court expressly. holds did not exist. By this *dicta*, we do not feel bound, but feel free to adjudge what appears to us right and equitable under the law.

We think it clear that the appellant had the power to execute the release.

It is said, in 2 Perry on Trusts, section 482: "A trustee may generally, acting in good faith, release or compound a debt due to his trust estate. But if he releases or compromises a debt without sufficient reason or justification, or if he sells a debt for a grossly inadequate consideration, when by proper diligence more could have been realized, he will be answerable for it in his accounts."

In *Fletcher* v. *Fletcher*, 29 Vt. 98: "They (the guardians) had the right, before its delivery to the plaintiff, to release or transfer the note to any person."

"The guardian having a right of action in her own name, while she so continued, for the injury, clearly had the right, acting in good faith, to release and discharge the claim upon a sufficient consideration." *Torry* v. *Black*, 58 N. Y. 185.

The powers of a guardian over notes taken by himself are certainly no less than those of an administrator over the notes of the decedent which come into his hands, yet it has been repeatedly decided, by our Supreme Court, that an. executor or administrator has power to transfer notes and to release and discharge makers of notes executed to the decedent, unless fraud or collusion appear. *Latta* v. *Miller, Admr.*, 109 Ind. 302; *Rogers, Admr.*, v. *Zook*, 86 Ind. 237; *Underwood, Exec.*, v. *Sample*, 70 Ind. 446;

*Hamrick* v. *Craven*, 39 Ind. 241; *Thomas* v. *Reister*, 3 Ind. 369.

In the case of *Latta* v. *Miller, Admr.*, *supra*, the administrator released a joint maker in consideration of his raising and paying one-half the note two months before its maturity.

In *Underwood, Exec.*, v. *Sample*, *supra*, the surety was held released by reason of the extension of time given by the administratrix for a valuable consideration. In that case we find this statement of the law: "The executor has, in this State, a general, and in many respects an absolute power over the debts due the estate of his testator. When done without fraud or collusion, he may assign or release such debts and may exercise general acts of ownership over them in regard to their security or collection, subject only to his liability on his bond for any loss which may occur by reason of his mismanagement of such debts."

There are here no allegations of fraud upon the part of the guardian or the appellee, and fraud will not be presumed. *Torry* v. *Black*, *supra*.

Whatever criticism might be offered as to the holding of some of these cases upon the powers of administrators and executors under our statute requiring administrators to "collect" debts, we are of opinion that the contract alleged was clearly within the powers of a guardian whose duty is to supervise and manage the personal estate of his ward, with authority to renew old loans and make new ones, answering upon his bond for his care and fidelity in the preservation of the fund.

There was no reversible error in overruling the motion to strike out parts of the answer.

To present for review the ruling of the court in suppressing part of a deposition, the motion must be made

a part of the record by bill of exceptions or order of the court. *Smith* v. *Kyler*, 74 Ind. 575.

Were we to apply the ruling to the question indicated by counsel's brief, there was no error in it.

It was the province of the trial court to choose between the irreconcilably conflicting statements of the witnesses. This it did, with ample evidence to sustain the finding, which we can not therefore disturb.

The judgment is affirmed.

Filed Oct. 20, 1893.