## JOHNSON v. STALEY ET AL., BY NEXT FRIEND.

[No. 4,699.   Filed March 30, 1904.]

ABATEMENT.—*Jurisdiction.*—*Waiver.*—Objection to the jurisdiction of the court over the person of the defendant is waived if he secures a continuance and thereafter demurs to the complaint for want of facts.   *p. 629.*

APPEAL AND ERROR.—*Bill of Exceptions.*—*Conflicting With Order-Book Entry.*—Where an order-book entry made by the clerk is in conflict with a bill of exceptions, the latter controls.   *p. 630.*

SAME.—*Bill of Exceptions.*—*Can Not Supply Parts Essential to a Judgment.*—It is not the office of a bill of exceptions to supply that which is essential to the validity of a judgment.   *p. 630.*

COMPROMISE.—*Consideration.*—An agreement not to bring suit is a sufficient consideration to support the contract.   *p. 632.*

SAME. — *Consideration.* — *Agreement Not to Sue.* — An agreement of a grantee in a deed of conveyance made with a guardian of a child who is a grandchild of the grantor,—the child's mother who was a daughter of the grantor being dead at the time such agreement was made,—not to bring suit to have such grantor declared insane and to have a guardian appointed to preserve her estate, and to have such deed set aside, is supported by a sufficient consideration.   *p. 632.*

CONTRACT.—*Consideration.*—A person who receives under a contract all the consideration for which he had contracted, can not successfully contend such contract is not supported by a sufficient consideration.   *p. 632.*

SAME.—*Made by Third Person.* —*Acceptance.* — *Minor.* — Acceptance of a contract made by a third person for the benefit of a minor may be presumed from its beneficial character.   *p. 632.*

SAME.—*No Time for Performance Specified.*—In an agreement that a third person shall have the right to sell certain real estate, but fixes no time within which the sale shall be made, the law implies that such agent or third person has a reasonable time within which the sale is to be made.   *pp. 632, 633.*

SAME.—*Sale of Real Estate.*—*No Price Fixed.*—In a contract to the effect that certain real estate owned by one of the parties shall be sold and out of the proceeds plaintiff be paid a certain named sum of money, but fixing no price at nor the terms upon which the land shall be sold, the law implies that it is to be sold at a reasonable price and upon reasonable terms; and if the owner fix the price unreasonably high, or exact unreasonable terms, so that no sale can be effected, he will be liable person-

Johnson *v.* Staley.

ally for the amount of money to be paid, if it could have been sold at a reasonable price and upon reasonable terms. *pp. 632, 633.*

From Hancock Circuit Court; *E. W. Felt,* Judge.

Action by Gertie O. Staley and Bessie J. Staley, by next friend, against Thomas V. Johnson. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*H. L. Hutson,* for appellant.

*Ephraim Marsh* and *W. W. Cook,* for appellees.

Roby, J.—This action was begun June 5, 1897. The third paragraph of the complaint, upon which the judgment rests, was filed June 14, 1901. Appellant thereupon secured a continuance until the following term, and had judgment for the costs thereof. He subsequently demurred for want of facts, and later filed a second demurrer for want of facts, lack of jurisdiction both of person and subject-matter, and misjoinder of causes. Thereafter he filed a plea in abatement, setting up that the only service of process had upon him was made outside of the State, and that he is a resident of Ohio. On motion the plea was stricken out. · There was no error therein. *Eel River R. Co.* v. *State, ex rel.,* 155 Ind. 433.

The court, at the request of the parties, made a special finding of facts, and stated conclusions of law, following which the order-book entry is: "Thereupon the defendant objects and excepts separately to each finding of fact and to the conclusions of law as stated by the court." A bill of exceptions subsequently filed contains the following statement: "The court thereupon stated and filed its conclusions of law upon the facts found, to which conclusions of law the defendant then and there at the time excepted." Appellees insist that the statement of the bill can not be considered. It is not the office of a bill of exceptions to supply that which is essential to the validity of the judgment. *Bowen* v. *State,* 108 Ind. 411; *Gray* v. *Singer,* 137 Ind. 257. These authorities are not in point, for the reason

that the exception, or its form, is not essential to a valid judgment.

When order-book entries made by the clerk are in conflict with the bill of exceptions, the latter will control. *Alley* v. *State, ex rel.,* 76 Ind. 94, 95; *Indiana, etc., R. Co.* v. *Adams,* 112 Ind. 302, 303; Ewbank's Manual, §34.

The finding is to the effect that on December 4, 1896, Hannah Johnson was the owner of eighty acres of land in Hancock county, worth $45 per acre. Gertie and Bessie Staley are the minor children of Robert L. Staley. Their mother, whose only children they were, died intestate in 1894, and was the daughter of Hannah Johnson. The Staleys lived on the land, Hannah living with them for twelve years, and until August, 1896, when she went to Ohio to visit her son, the appellant, intending at the time to return in a few weeks. On December 4, 1896, she conveyed said land, which constituted her entire estate, to appellant, in consideration of $100, and his agreement to maintain her for life; said deed being recorded four days after its execution. Later in December a neighbor of Robert L. Staley went to Ohio to see Mrs. Johnson, and to learn the circumstances under which the conveyance was made, her mental condition, and intention with regard to appellees. Appellant refused to permit her to talk with the neighbor, except in his own presence; and, under his influence, said Hannah declined to return to Hancock county, but declared her intention that the granddaughters, who, with appellant, are her only heirs, should have their inheritance out of her estate, which was in fact her intention. Said Hannah, when she visited appellant, was past seventy-three years old, could not write her name, and was susceptible to his influence and control. In January, 1897, a suit was commenced in the Hancock Circuit Court, at the instance of Robert L. Staley, to declare said Hannah of unsound mind. It was subsequently dismissed on account of the claim that she was then a citizen of Ohio. A few days prior to March

15, 1897, said Robert L. Staley sent an attorney to Ohio to obtain evidence upon which to institute an action against defendant, or to make a compromise, if possible, that would enable his children to receive a part of their grandmother's estate. Said attorney informed appellant that unless he paid to appellees $1,000 as their share in said estate, they would at once commence suit to set aside said deed on the ground of undue influence of appellant over said Hannah, and of her unsoundness of mind. Said attorney told appellant that he could sell said land for $60 per acre. In order to prevent such suit, and in order to compromise plaintiffs' claim, and in consideration that said legal proceedings should not be instituted, and that said conveyance might not be set aside or declared invalid, for said reasons or for any other reasons, appellant executed a written instrument by which he promised to pay appellees $1,000, and directed said attorney to sell said real estate; the instrument, as executed, being in terms as follows: "Deerfield, Ohio, March 15, 1897. This is to certify that I, Thomas V. Johnson, of Deerfield, Ohio, have this day placed in the hands of Albert W. Hammer the following real estate, to wit [describing it]; the conditions of the agreement are such that the said Albert W. Hammer is to sell the above-described real estate at such price and on such terms as I may direct, and I further agree to pay or direct the said A. W. Hammer to pay, out of the money received for the above real estate, the sum of $1,000 to the guardian of Gertie O. and Bessie J. Staley, of Warrington, Indiana. Thomas V. Johnson."

Said Robert L. Staley acted upon such settlement, said proceedings were not instituted as otherwise intended, and said contract remains in full force and effect. Said minors never had possession of said instrument, or did any affirmative act to indicate an acceptance thereof. The settlement was accepted and approved by the father, and was beneficial to his daughters. No sale of said real estate was made. An

offer of $45 per acre was refused by appellant. In December, 1897, appellant notified Hammer that he did not recognize the right of the latter to procure a purchaser under such contract. Appellant is still the owner of the real estate, has refused to pay said $1,000, and denies liability therefor. The conclusion of law was that the plaintiffs were entitled to recover $1,000, with interest. The granddaughters had no property right in the possessions of their grandmother. So far as they were concerned, she could sell or give her land away at her pleasure. They could not maintain an action against her or against appellant on account of such disposition. A suit to have a guardian appointed, in order that her estate might be preserved for her own use and benefit, might have been instituted. An agreement not to sue is a good consideration, generally speaking. *Doan* v. *Dow,* 8 Ind. App. 324, 327; *Ditmar* v. *West,* 7 Ind. App. 637; *Purviance* v. *Purviance,* 14 Ind. App. 269.

By refraining from causing the institution of an action to declare the grandmother of unsound mind, appellees suffered no direct pecuniary loss, but appellant manifestly received a direct and immediate pecuniary benefit, he holding a deed for land recently conveyed by her to him. It was competent for him to buy his peace, and, having received all the consideration for which he had contracted, there is no reason why he should be relieved from payment of the price. Acceptance of a contract made by a third person for the benefit of a minor is presumed from its beneficial character. *Goelz* v. *People's Sav. Bank,* 31 Ind. App. 67; *Copeland* v. *Summers,* 138 Ind. 219, 223.

The agreement fixes no time within which the sale of said real estate should be made by Hammer. The law implies, therefore, a reasonable time. It is not claimed that the undertaking on appellant's part was repudiated because of a failure to sell within a reasonable time. The contract fixes no price at which the land should be sold. The price and terms to be fixed by appellant would therefore also be

required to be reasonable. It appears that an offer of what the land was worth was made and refused. No question of the contract having been procured by fraud is presented by the findings.

The court did not err in its conclusions of law. Other questions argued are not presented by the record, and are not, therefore, considered.

Judgment affirmed.