No. 11,637.

BELISOMO *v.* CERESA.

Decided December 6, 1926.

Action on contract. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. EVIDENCE—*Pleading—Variance.* Although the evidence is at variance with the complaint, it being in accord with the facts set out in the bill of particulars and replication, the judgment will not be arrested, no demurrer attacking the pleadings having been presented.

2. CONTRACT—*Work and Labor—Price.* A contract to pay for work, which names no price, is a contract to pay what the work is worth.

3. EVIDENCE—*Contract.* The admission of evidence of one of a series of transactions leading up to the contract upon which the action is based, although not directly relevant, held not to constitute prejudicial error, in the instant case.

4. INSTRUCTIONS—*Requests.* Requested instructions which are irrelevant to the issues, are properly refused.

*Error to the District Court of El Paso County, Hon. Arthur Cornforth, Judge.*

Messrs. YOUNG & MEIKLE, for plaintiff in error.

Mr. R. L. CHAMBERS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

CERESA had a verdict and judgment against Belisomo for $482 upon a contract to pay money and the latter brings error.

The essential facts are that Ceresa bought a lot and began to build a house on it, and, to pay for it, borrowed $400 of Belisomo, giving a note. He became embarrassed and later the title to the lot and house was transferred to Belisomo, who made further advances to complete the building, for taxes, etc., under an agreement to do so, and to dispose of the property and divide the profits equally. Ceresa claims, and Bellisomo denies, that thereafter an agreement was made that Belisomo should keep the property, cancel and surrender the note and pay Ceresa for the time he had worked on the house, which he testifies was 110 days at $4 per diem. To pay for this work was the contract upon which the verdict and judgment were rendered.

The plaintiff in error claims: (1) That the evidence did not prove the case made by the pleadings; (2) that

the evidence proved no case at all; (3) that certain evidence was erroneously admitted; (4) that instructions requested by him were refused.

1. Upon the first point, the complaint was designed to state a cause of action for work and labor, and to recover wages therefor, i. e., a promise to pay in consideration of work performed for defendant. The contract proved, however, was to pay for work performed by plaintiff, for defendant and himself, in consideration of the surrender of plaintiff's interest in the profits on the sale of the house. The evidence then was at variance with the complaint.

The defendant, however, moved for a bill of particulars which was furnished and sets out facts in accord with the subsequent proof. The replication also sets out such facts. If these constitute a departure they were not attacked by demurrer, and so a judgment on them could not be arrested. 1 Chit. Pl., 648. We think it follows that no writ of error will lie. It conforms to the spirit of the Code so to hold, since, if there had been a demurrer sustained, the plaintiff might have amended and so the issue would have been properly formed; but since that issue was actually tried substantial justice was done with reference to this point.

2. Upon the second point it is claimed that neither the contract stated nor that proved showed any fixed sum or rate for ascertaining what was to be paid; it is elementary, however, that a contract to pay for work which names no price is a contract to pay what the work is worth. It is urged that there is no sufficient evidence of what the work was worth. We think otherwise. The plaintiff testified that he claimed $4 per day, which was the lowest wages they were paying anybody on the job. This, undisputed, is enough.

3. The evidence, the admission of which is excepted to, was that Ceresa had brought Belisomo a purchaser for the house who proposed to give an automobile in

part payment. This evidence may not have been directly relevant, but it was a part of the transaction or series of transactions between the parties which led up to the agreement to pay, which was the basis of the recovery. We cannot say that its admission was a prejuddicial error.

4. The defendant presented three instructions: The first for a directed verdict, which is shown above to have been properly refused, the second that upon an agreement to divide profits on sale it is presumed that the sale should be for cash, which was irrelevant to the only issue which was whether there was a promise to pay for the labor, and the third was as to the method of computing the net profits which was also irrelevant.

The motion for supersedeas is denied and judgment affirmed.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE ALLEN, and MR. JUSTICE WHITFORD concur.