No. 20315.

DONALD L. ALLRED *v.* GEORGIA LININGER, ET AL.
(398 P.2d 967)

Decided February 8, 1965.

TINSLEY, ALPERSTEIN and FRANTZ, for plaintiff in error.

ALEX STEPHEN KELLER, for defendant in error Georgia Lininger.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

 COGNIZANT of the rule that the findings of the court—as trier of the facts—are binding on this court on review if supported by any competent evidence, plaintiff in error asserts that this is one of those cases wherein the findings are contrary to the undisputed testimony.

Plaintiff in error was plaintiff in the trial court and was the successful party, but complains that the judgment awarded in his favor against defendant in error Georgia Lininger was grossly inadequate and not in accord with the proof. We will refer to the parties as plaintiff or defendant or by name.

Plaintiff Allred in his complaint alleged that on or about September 15, 1959, he, as the owner, and the defendant Lininger as buyer, entered into an oral agreement for the sale and purchase of real estate in Lakewood Acres, Jefferson County, together with improvements thereon. He asserted that the agreed purchase price was $15,000.00 and that he was to remodel the home on a cost plus basis, i.e., for the actual cost of labor and material plus the sum of $100.00 per week for his own services. The transaction was to be completed in the following manner: Lininger was to immediately assume the payments on an existing note and deed of trust to the Midland Federal Savings and Loan Association in the amount of approximately $8,000.00; that progress payments were to be made on the remodeling, and that upon completion thereof the unpaid portion of the remodeling cost was to be paid in cash; that at the time of

the closing of the sale the defendant was to execute a promissory note in the amount of $5,500.00 secured by second deed of trust upon the property payable to Allred in monthly installments, including interest.

Plaintiff alleged that he completed the remodeling job at an actual cost of $9,186.88 and that his own services extended over a period of 29 weeks for which he was to be paid $2,900.00. He asserted that the defendant was entitled to credit for progress payments for the remodeling in the amount of $9,925.00, but that she refused to pay the balance due or to execute the promissory note and second deed of trust; that he stood ready and willing to deliver a deed to the property upon the defendant complying with the agreement as alleged. He asked for complete adjudication of the rights of the parties in the property; for a money judgment as calculated by him; and for the foreclosure of plaintiff's lien as a vendor.

The defendant admitted that an oral purchase and sale agreement had been entered into. She also asserted that the purchase price of the house was not fixed but was to be on the basis of "reasonable value." She further alleged that the remodeling was to be done for a fixed price of $7,100.00, and that the progress payments on the remodeling had totaled $10,410.00. She prayed for the rescission of the contract and return of all of the moneys paid out by her. Upon the trial she withdrew her claim for rescission. The case was ultimately tried on the issues concerning the amount to be paid for the purchase of the property and the remodeling costs, with the court to strike a balance between the parties.

The court made the following findings: 1. That the purchase price be fixed at $12,000.00; 2. that the existing loan as assumed by the plaintiff was at the time she commenced her payments in the sum of $8,162.54 and that the balance on the purchase price was $3,837.46. It further found that the remodeling of the house was to be at a fixed price of $9,490.50, plus the sum of $1,351.49 for

extra items, and that the defendant had paid thereon the sum of $10,604.00; that the work agreed upon but not completed amounted to $2,007.00. Judgment was entered in favor of plaintiff in the amount of $1,543.27 to be paid to him upon delivery to the defendant of the warranty deed.

The only question for our determination is whether the findings of the trial court and its judgment can be supported by the record.

 We will first discuss the matter of the purchase price of the property. There is evidence in the record upon which the sum of $12,000.00 as purchase price of the house can be substantiated. In the absence of an agreed price, it is a general rule that the court is required to determine the price on the basis of the reasonable value of the house. *Johnson v. Staley,* 32 Ind. App. 628, 70 N.E. 541. See also *Belisomo v. Ceresa,* 80 Colo. 325, 251 Pac. 531, wherein a similar rule was applied to the determination of price in a contract for work. Under general principles of contract, the "reasonable value rule" is universally applied where no contract price can be determined.

██ In the case at bar, the defendant herself had alleged in her answer that the price of the house was to be the "reasonable price." However, in her testimony she stated that she was to pay "a couple of thousand dollars" for Allred's equity. Her testimony was not adopted by the court. The evidence then as to the reasonable value of the property was that Allred had paid $12,100.00 for the house and had spent $1,500.00 in improvements, including water facilities, electrical connections and outbuildings. An expert witness testified that similar property in the vicinity had sold within the $25,000.00 to $34,000.00 price range, and gave an opinion that the reasonable value of the house, after remodeling, would be $24,100.00. Before remodeling then, deducting the remodeling costs, the reasonable value would

exceed $14,000.00. The court need not take the highest figure and could find that less than the $12,100.00 paid by Allred, considering the length of ownership and subsequent use, was the reasonable value. We, therefore, are not disposed to disturb the finding as to the purchase price.

We next consider the evidence relating to the remodeling. The court adopted as its finding a figure of $9,490.50 as being a firm contract price. This figure was contained in defendant's exhibit 2 which was plainly entitled "an estimate." The defendant did not dispute that she agreed to pay Mr. Allred the actual cost of materials and labor, and characterized the figures presented to her as "an estimate." She was asked, "Are you saying that he agreed to do this work for a fixed figure?" She answered, "Not an exact figure, an estimate." She was then asked, "An estimate is an approximation." To which she answered, "It isn't definite. It is an approximation, the approximate cost of the materials and labor. Now do you understand?"

It was not disputed that the estimate was prepared for presentation to the savings and loan bank in support of an application for a home improvement loan. Specifications attached to the estimate were characterized as a "layout or floor plan." There were no specifications as to grade, class or quality of the materials to be used, and no detailed standards which justified the court in finding the estimate to be a bid or firm price for the remodeling. Defendant was to make her own selection as to type and grade of materials to be used. She chose expensive vinyl tile for the kitchen and breakfast room; antique brick, difficult to obtain, for the basement fireplace; and marble, shipped in from Georgia, for the upstairs fireplace. She made a change in the original "layout" by having two livingrooms made into one with a large closet. These factors were not included in the figure adopted by the court as a fixed price.

Allred's figures presented actual cost of materials and the labor paid to others. On the evidence he is entitled to reimbursment for his exact costs.

In addition thereto, the defendant admitted that the plaintiff, Allred, was to be compensated for the time he devoted to the job. It was established that plaintiff was a qualified carpenter, builder and contractor, and that the hourly wage for a carpenter was $3.34 an hour. This, translated into a forty hour week, amounted to the sum of $133.60. Plaintiff's testimony, then, as to the agreement to compensate plaintiff at the rate of $100.00 a week, is below the hourly rate. The trial court failed to award plaintiff compensation for his services. Mrs. Lininger was asked, "You expected to pay him wages, then, is that right?" To which she answered, "Well, that's what he said he was going to do the job for—wages. So I expected an hourly wage since it was just in his sparetime." The evidence with reference to the devotion by Allred of his time to the job for 29 weeks is undisputed.

The court's charge against plaintiff for work not done could only be justified if the finding that he had agreed to do the work for a fixed price is sustained. On a cost plus basis work remaining to be done was not charged against the defendant, and so she is therefore not entitled to any credit in that regard.

We now summarize what the evidence established: that the reasonable value of the property was $12,000.00; that the actual cost of remodeling was $9,186.88 and that the personal services of the plaintiff amounted to $2,900.00. Defendant is entitled to the following credits: $8,162.54 by reason of her assumption of the first deed of trust; $10,604.00—the "progress payments" on the remodeling—plus an additional $179.00 advanced to plaintiff, or a total credit of $18,945.54. The balance due plaintiff then is $5,141.34, and this is the amount of the judgment the court should have entered.

The difference between the balance owing on the first deed of trust and the purchase price at the time defendant assumed the payments thereon was $3,837.46. Adopting the testimony of the plaintiff as to how this amount was to be paid, defendant is entitled, if she so desires, to execute a promissory note in this amount to draw interest at 6% per annum, which has been accruing since the date of the entry of the trial court judgment. If the note is executed, it is to be secured by second deed of trust on the property. Payment on the note is to be $150.00 per month, including interest at 6% per annum on the unpaid balance.

 The balance owing on the remodeling cost is $1,303.88 on which plaintiff is entitled to interest at the statutory rate from the date of the original judgment. Because there is no dispute that the remodeling was to be paid for in cash as the work progressed, with the unpaid balance due in cash upon completion of the work, plaintiff is entitled to a vendor's lien to secure said amount and is entitled to have execution issue as to the amount in the event of failure of defendant to satisfy the judgment.

It is to be noted that at the time of the trial one of the defendants claiming a materialmen's lien was Scatterday's Lumber Yard, Inc., and that the undisputed amount owed by Allred to that firm was the sum of $525.18. The cost of this material was included in the cost figures submitted by Allred, but on the date that the trial court entered the judgment it had not been paid, and the defendant was ordered to pay the balance, and upon failure to do so, Scatterday's Lumber Yard was entitled to a mechanics' lien on the property for that amount. That order and judgment of the court in favor of Scatterday's Lumber Yard and against the defendant Lininger was not challenged in this writ of error or by assignment of cross error by Lininger. If it has been paid as directed, defendant is entitled to credit for $525.18

against the $1,303.88 due and unpaid on the remodeling.

The judgment is reversed and the cause remanded with directions to vacate the previous judgment of the trial court and to enter judgment including interest to which the plaintiff is entitled not inconsistent with the views herein expressed. The trial court is directed to enter appropriate orders for specific performance to the end that plaintiff execute a warranty deed to the property and that defendant execute the promissory note and execute deed of trust if she so elects in harmony with the views contained herein.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ not participating.