McFadden *v.* Schroeder.

Filed Jan. 24, 1894.

---

No. 983.

## McFadden *v.* Schroeder.

Harmless Error.—*Answer, Overruling Demurrer to.—Finding.—Reply, Sustaining Demurrer to.*—Where a paragraph of answer is pleaded by way of estoppel *in pais*, to which a demurrer is overruled, and a finding is made in favor of the plaintiff and against the truth of such answer, the overruling of such demurrer, if error, was rendered harmless by the finding; and the sustaining of a demurrer to a paragraph of reply to such answer, if error, was also rendered harmless by the finding.

Same.—*Exclusion of Evidence.*—Where judgment has been rendered in favor of a party, he can not complain of the exclusion of evidence offered by him, the exclusion, if error, being harmless.

Appellate Court Practice.—*When Evidence May be Looked to to Determine the Effect of a Ruling on Demurrer.*—The appellate tribunal may, in a proper case, look to the evidence in a cause for the purpose of determining whether or not the action of the trial court, in overruling a demurrer, was harmless or hurtful.

From the Shelby Circuit Court.

*T. B. Adams, I. Carter* and *J. B. McFadden,* for appellant.

*B. F. Love, H. C. Morrison, A. F. Wray* and *T. H. Campbell,* for appellee.

Lotz, J.—This case is before the court for the second time. *McFadden* v. *Schroeder,* 4 Ind. App. 305, 29 N. E. Rep. 491.

The issues then joined are stated in the former opinion. When the case was certified back to the lower court, the appellee filed an additional sixth paragraph of answer. A demurrer was overruled to this paragraph, and the appellant then filed a reply to it, in three paragraphs. A demurrer was sustained to the third paragraph of this reply.

The issues joined were submitted to a jury for trial, and a verdict in favor of plaintiff (appellant), in the sum of $64, was returned.

Appellant then filed a motion for a new trial, which was overruled, and final judgment for appellant was rendered on the verdict.

Appellant contends that the trial court erred:

1. In overruling the demurrer to the sixth paragraph of answer.

2. In sustaining the demurrer to the third paragraph of reply to the sixth paragraph of answer.

3. In overruling the motion for a new trial.

Each of these rulings is assigned as error in this court.

The goods were specifically described in each paragraph of the complaint, and alleged to consist of wines, brandies, whiskies, and gin, contained in kegs, casks, and barrels, and all of the value of $543.15.

During the trial of the case, the appellant voluntarily dismissed and withdrew from his complaint certain items of said goods, aggregating $401.90; so that the controversy only involved goods of the alleged value of $142.25.

An examination of the different paragraphs of the complaint discloses that the essential basis of the first

and fifth is the conversion of the goods alleged to have been placed in the custody of the defendant; and that the gist of the second and fourth is the negligence and failure of the defendant to properly care for and safely keep said goods, by reason of which failure they were carried away, wasted, destroyed, and lost to the plaintiff.

The sixth paragraph of answer, according to appellant's own construction of it, is an estoppel *in pais.* It is addressed to the whole complaint, and avers that the defendant purchased the whole of said goods in good faith, and paid the cash therefor, from one David L. Wilson, administrator of the estate of Joseph Nichols, deceased; that before he made said purchase he made diligent inquiry to learn of any claims, liens or titles to said property in other persons, and could find none, and that the plaintiff repeatedly told him that he had no claim or interest of any kind in said property. The court held the answer good.

Appellant assails this ruling with great vigor and many authorities.

Appellee, however, contends, that as the jury found for the plaintiff in a controversy concerning the entire lot of goods, it is perfectly apparent that it was not influenced by any evidence given under this answer; that, if it had been, it must necessarily have returned a verdict for the defendant; that the fact of its having returned a verdict for the plaintiff, conclusively shows that the overruling of the demurrer to this answer, even if erroneous, was harmless.

As the rights of a party to an action are measured primarily by his pleadings, and, secondarily, by his proof, every erroneous ruling in formulating the issues is *prima facie* hurtful. When the judgment roll is completed, and considered as an entirety, if it be apparent

that certain rulings, in making the issues, are rendered harmless by other acts of the parties or of the court or jury, such erroneous rulings will not avail in securing a reversal of the judgment.    Accordingly, it has often been decided that where the record affirmatively shows that the judgment rests upon one good paragraph of complaint, an error in overruling a demurrer to a bad paragraph will be regarded as harmless.    *Tracewell, Admr.,* v. *Farnsley,* 104 Ind. 497; *Lancaster* v. *Collins,* 115 U. S. 222;  Elliott's App. Proced., section 637, note 1.

So, also, it is harmless error to sustain a demurrer to a good paragraph of answer, if there be another paragraph remaining under which the same facts may be proved. *Landwerlen* v. *Wheeler,* 106 Ind. 523; *Mason* v. *Mason,* 102 Ind. 38; *Luntz* v. *Greve,* 102 Ind. 173; *Epperson* v. *Hostetter, Admr.,* 95 Ind. 583 (587).

But if there be no paragraph remaining under which such proof can be made, and there is a general verdict or finding for the plaintiff, then the error is incurably bad, for the defendant has been prevented from making a defense, which the law deems sufficient to defeat the plaintiff.

In determining whether a ruling made in forming the issues is harmless or hurtful, it must be borne in mind that there is a marked difference between sustaining a demurrer to a good answer and overruling a demurrer to a bad answer.    In the first instance it is the rights of the plaintiffs, and, in the second, the rights of the defendant, that are affected.    The first ruling may be rendered harmless by the presence of another paragraph that will admit of the same defense.    But when a demurrer is overruled to a bad answer, the effect of it is to adjudge that to be a good defense which is not true in law.    *Abdil* v: *Abdil,* 33 Ind. 460; *Over* v. *Shannon,* 75 Ind. 352; *Messick* v. *Midland R. W. Co.,* 128 Ind. 81 (84);  *Hor-*

*mann* v. *Hartmetz,* 128 Ind. 353 (355); *Scott* v. *Stetler,* 128 Ind. 385 (386).

The overruling of a demurrer to a bad answer may sometimes be rendered harmless, as when, in an agreed statement of facts, the allegations of such answer are admitted to be true ( *State, ex rel.,* v. *Blanch,* 70 Ind. 204); or where it is apparent that the party on the trial has been allowed the full benefit of such answer. *Putnam* v. *Tennyson,* 50 Ind. 456.

Also, as a general rule, the overruling of a demurrer to an insufficient pleading is not available error, if the finding or verdict is against the truth of the facts alleged in such pleading. *Souders* v. *Jeffries,* 98 Ind. 31; *State, for Use,* v. *Julian,* 93 Ind. 292; *Cooper* v. *Jackson,* 99 Ind. 566; *Bartlett* v. *Pittsburgh, etc., R. W. Co.,* 94 Ind. 281; *Keegan* v. *Carpenter,* 47 Ind. 597; *Blessing* v. *Blair,* 45 Ind. 546.

We can readily conceive how evidence given under such pleading, notwithstanding the finding against it, might injuriously affect the rights of the prevailing party. In the case in hearing, the evidence in support of the answer in estoppel might show that the defendant purchased the goods at a certain price—possibly much less than their actual value. Such evidence might seriously affect the amount of the plaintiff's recovery. Can this court look into the evidence for the purpose of determining whether the ruling on the demurrer to the answer was harmless or hurtful? In that excellent work, Elliott's App. Proced., section 638, the author gives it as his opinion that the evidence can not be looked to, except in cases where there is absolutely no conflict in it. It is there said: "It is carrying the rule quite far enough to hold that if the record proper, as a special finding or a special verdict or the like, affirmatively shows the harmlessness of an erroneous ruling, the error will not avail the party

against whom the error is committed. Beyond that it can not be carried, without producing discord and working injury. The later decisions sustain our views, and supply strong reasons for supporting them." See *Ryan* v. *Hurley,* 119 Ind. 115; *McComas* v. *Haas,* 93 Ind. 276 (281); *Abell* v. *Riddle,* 75 Ind. 345 (348); *Pennsylvania Co.* v. *Poor,* 103 Ind. 553 (555); *Belt R. R. and Stock Yard Co.* v. *Mann,* 107 Ind. 89; *Rush* v. *Thompson,* 112 Ind. 158; *Fleetwood* v. *Brown,* 109 Ind. 567.

In none of these cases, however, were the facts the same as in the case at bar.

The question that here arises is, can we look to the evidence in the case for the purpose of determining whether or not the action of the court in overruling the demurrer to the sixth paragraph of answer was harmless or hurtful? If the evidence can ever be looked to for that purpose, we think the case in hand is a proper one; for here we have a ruling against the plaintiff and a verdict in his favor, which is equivalent to a finding that the answer is not true. If the court can not look to the evidence in a proper case, then it may be placed in the anamolous predicament of being compelled to reverse a judgment when the finding or verdict shows that the objectionable answer is not true. To say that the court may not, in such a case, search the record, including the evidence, to ascertain whether there is any hurtful matter in it, is to deny the court the power to do justice in a proper case before it. Nor do we think that under the circumstances of this case our powers to search the evidence depends upon whether or not it is conflicting. If the evidence was conflicting on this answer, the jury weighed it and found against the defendant, and it is only necessary now for us to ascertain whether or not such evidence, or any part of it, had an improper influence upon the jury in determining the amount of plain-

tiff's recovery. According to appellant's own testimony, the entire lot of goods was converted or negligently wasted and destroyed, and if he was entitled to recover any thing in this action, he was as much entitled to recover the value of the whole as of any part thereof.

The appellee gave in evidence, over the objection of the appellant, the record of the probate proceedings, the appraisement and sale of the property by Wilson, as administrator of Joseph Nichols, deceased, to the appellee. This record shows the appraised value of the goods as determined in such proceedings much greater than the value placed thereon by the jury. Such evidence could not have influenced the jury to the injury of the appellant, under such circumstances. If it had any effect at all, its tendency would have been to increase rather than diminish the amount of recovery. This is the only evidence given in support of the answer in estoppel that might have been harmful. As it was not hurtful, and as the jury found against the truth of such answer, we must hold that the overruling of the demurrer to it was harmless error.

As to the next assignment of error, the sustaining of the demurrer to the reply, the jury having found the answer not true, no possible injury could result to the appellant. If it had been overruled, and he had been permitted to give evidence in support of it, he could have done no more than defeat the answer, and this the jury did without his reply. The estoppel pleaded, if it had been proved, must, of necessity, have defeated a recovery in any amount. As the jury returned a verdict for the plaintiff in a substantial amount, it is apparent that these rulings were harmless, even if erroneous—points we do not decide.

The causes for a new trial discussed by counsel for appellant, namely, the third, fourth, sixth, and eighth, all

relate to the admission or exclusion of evidence which went to the appellant's right of recovery. As the jury found for the plaintiff, notwithstanding such rulings, the appellant was not harmed thereby.

Complaint is made of the giving and the refusal to give certain instructions. We have examined these instructions, and do not think there was any error in giving or refusing to give them.

As the appellee has died since this case was submitted, the judgment is affirmed, at the costs of the appellant, as of the day of submission.

Filed Oct. 31, 1893; petition for rehearing overruled Feb. 1, 1894.