STATE OF INDIANA, EX REL., DAVISSON *v.* HILLIS
ET AL.

[No. 9,842. Filed October 14, 1919. Rehearing denied January 30, 1920. Transfer denied May 9, 1923.]

1. CONTRACTS.—*Nonperformance.—Compliance Physical Impossibility.*—The performance of a contract is excused when its performance is a physical impossibility. p. 603.

2. PRINCIPAL AND SURETY.— *Contracts.— Excuse for Nonperformance.—Material Changes in Provisions of Contract.—Impossibility of Performance.*—An impossibility of performance or a material change in plans or specifications for work which clearly differ from the original plans and specifications releases the contractor and his sureties from any liability upon his bond from any liability for nonperformance of the contract. p. 603.

3. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.— Cure of Error by Instructions.*—In an action on the bond of a contractor who abandoned the construction of a drainage ditch, error, if any, in overruling demurrers to paragraphs of answer alleging the failure to sell bonds to pay for the construction of the ditch, and that, under the provisions of the contract, it was inoperative and void for that reason, *held* harmless, where an instruction was given that the failure to sell the bonds constituted no defense. p. 603.

4. APPEAL.—*Review.—Exclusion of Evidence.—Action on Bond. —Proof of Attorney's Fee.*—In an action on a contractor's bond providing for the payment of attorney's fees, it was not re-

versible error to refuse to permit plaintiff to prove the value of such fees, where the judgment on the merits of the cause were against him. p. 605.

5. APPEAL.—*Review.—Verdict.—Evidence.—Sufficiency.*—A verdict based upon conflicting evidence will not be disturbed upon appeal. p. 606.

From Howard Circuit Court; *William C. Purdum,* Judge.

Action by the State of Indiana, on the relation of A. Clinton Davisson, against Robert C. Hillis and others. From a judgment for defendants, the relator appeals. *Affirmed.*

*W. H. Parkinson, Wolfe & Barnes* and *Holman, Bernetha & Bryant,* for appellant.

*George A. Gamble, R. C. Hillis* and *Long, Yarlott & Souder,* for appellees.

McMAHAN, J.—In 1902, James Gault and others filed their petition with the auditor of Cass county under §§24 and 25 of an act approved April 21, 1881 (Acts 1881 Spec. Sess. 410, §§4308, 4309 R. S. 1881) for a ditch, the source of which was in Cass county and which extended through Fulton and White counties, and had its outlet in Pulaski county. The ditch was ordered established, and the contract for its construction let to the appellee, Robert C. Hillis, who entered into a contract to complete the work according to the plans and specifications, and gave bond with the other appellees as his sureties. The contractor defaulted and abandoned the work in July, 1906.

Pursuant to the provisions of the drainage law of 1907 (Acts 1907 p. 508, §6140 *et seq.* Burns 1914) the relator was appointed commissioner of construction by the Pulaski Circuit Court, and as such he relet the unfinished portions of the drain and brought this action on the bond of the original contractor to recover the difference between the original contract price and the cost

and expenses of completing the ditch under the reletting contract.

The first three assignments of errors relied upon by appellant are, that the court erred in overruling his demurrer to the amended fifth, sixth, tenth, twelfth and sixteenth and the fourteenth and fifteenth paragraphs (and each of them) of the "joint and several answer of the appellees other than *Charles A. Smith."*

The amended fifth paragraph of answer admits the execution of the contract and bond sued on, the abandonment of the work, and alleges that it was an impossibility to perform the contract.

The sixth paragraph of answer alleges that it was a physical, mechanical and engineering impossibility to construct any drain in accordance with the plans, profile and specifications, and that the work done under the reletting contract alleged in the complaint was done in pursuance of an entirely new and different plan, profile and specifications, prepared after the discovery of the fact that it was impossible to construct the ditch in accordance with the original plans, profile and specifications.

The tenth paragraph alleges that the contract between the auditor of Cass county, and the contractor Hillis provided that in case of a failure of any or all of the counties through which the ditch ran to sell bonds, sufficient in amount to pay for the construction of the drain, within 160 days from September 15, 1903, that the contract should be inoperative, void and not binding upon the contractor; that no bonds were sold within said time, and that the contractor defaulted and abandoned his contract wholly on account of said failure to sell said bonds as provided in the said contract.

The twelfth paragraph of answer alleges that prior to the reletting of the contract for the completion of said drain, the relator acting under order of the circuit court

of Pulaski county, caused an entire new survey to be made of the uncompleted portions of said drain; that civil engineers were employed for that purpose, who marked out and staked the course of said drain, established grades, cuts, depth and width and computed the cubic yards of excavation to be made in the construction of said uncompleted portions; that the route of the ditch so laid out and established by the new survey was greatly different from that established by the original survey; that by the new route so established a greater amount of excavation was required to construct said ditch than was required according to the original route established therefor; that by the new survey the ditch was made wider and deeper in practically all its parts; that at least 30,000 cubic yards more of excavation was required to construct the ditch over the new route, than was required by the original plans and specifications, and that the contract of reletting was done and performed upon the basis of the new survey.

The fourteenth paragraph alleged that by the terms of the contract, the contractor Hillis was to receive compensation for ninety per cent. of the work done by him; that ten per cent. of said compensation was to be retained by the several counties until the completion of the ditch; that as a matter of fact 20.5 per cent. was retained by the several counties, and that the contractor only received 79.5 per cent. of the compensation due him under the contract for the portion of the work done and completed by him; that the amount retained by the several counties aggregated $10,695.40 which was still in the treasuries of the several counties and belonged to the fund provided for the construction of the drain; that by the terms of the contract, it was provided that in case the contractor failed to construct the drain, and the construction of any part thereof was relet because of said failure, the amount so retained should be applied to the

difference in the price between the original contract and the cost of completing the ditch under the reletting contract, and that said $10,695.40 should be applied to the partial or entire discharge of the amount, if any, be found due appellant.

The fifteenth paragraph of answer is practically the same as the tenth. The sixteenth paragraph is similar to the twelfth. The main difference being that the sixteenth paragraph is more specific in its allegations as to the order of the court for the new survey. The reletting contract was made and the ditch completed under this new survey.

The performance of a contract is excused when its performance is a physical impossibility. *LeRoy* v. *Jacobosky* (1904), 136 N. C. 443, 48 S. E. 796, 67 L. R. A. 977; 13 C. J. 330. An impossibility of performance or a material change in the plans and specifications which require the construction of a ditch according to the plans and specifications which clearly differ from the original plans and specifications, releases the contractor and his sureties from any liability upon the bond. *Huetter* v. *Warehouse & Realty Co.* (1914), 81 Wash. 331, 142 Pac. 675, L. R. A. 1915C 671; *City of Milwaukee* v. *Shailer* (1898), 84 Fed. 106, 28 C. C. A. 286; *Bentley* v. *The State* (1889), 73 Wis. 416, 41 N. W. 338.

There was no error in overruling appellant's demurrer to the paragraphs of answer alleging impossibility of performance and change in specifications.

3. The error, if any, in overruling the demurrer to the tenth and fifteenth paragraphs of answer was rendered harmless by the instructions of the court. The court on request of appellant instructed the jury that, "The provisions of the contract shall be inoperative and void, in case there is a failure to sell bonds necessary and sufficient in amount for the construction and com-

pletion of the work within 160 days from September 15, 1903, is no defense to a liability on the contract and bond, and you will therefore, disregard the same in your deliberations." The giving of this instruction has the same effect as if the answers had not been proved or had been proved to be not true or had been withdrawn from the consideration of the jury. An objectionable pleading can be as effectually removed by the instructions of the court to the jury as by sustaining a demurrer thereto. *Leonard* v. *City of Terre Haute* (1911), 48 Ind. App. 104, 93 N. E. 872; *State, ex rel.,* v. *Hall* (1909), 173 Ind. 145, 89 N. E. 855; *Bartlett* v. *Pittsburgh, etc., R. Co.* (1884), 94 Ind. 281; *State, ex rel.,* v. *Julian* (1884), 93 Ind. 292; *Smith* v. *Frantz* (1915), 59 Ind. App. 260, 109 N. E. 407; *Robinson & Co.* v. *Nipp* (1898), 20 Ind. App. 156, 50 N. E. 408; *McFadden* v. *Schroeder* (1893), 9 Ind. App. 49, 35 N. E. 131; *Central Railway Co.* v. *Butler Marble Co.* (1910), 8 Ga. App. 1, 68 S. E. 775.

The only objection appellant makes to the fourteenth paragraph of answer is that it does not allege that any sum is due and unpaid. There is no merit however, in this contention. There is no reversible error in the action of the court in overruling the demurrers to the several paragraphs of the answer heretofore referred to. It is very questionable whether the appellant's assignment of errors is sufficient to present any question as to the correctness of the action of the court in overruling said demurrers. The answer in question is the joint and several answer of six appellees, Storer, Collett, Logansport Loan and Trust Company, Gamble, Carney and Flinn, while the assignment of errors is that the court erred in overruling appellant's demurrer to the joint and separate answers of Storer, Collett, Logansport Loan and Trust Company, Gamble, Carney, Flinn and *Robert C. Hillis,* seven in number.

We have examined the sixteenth and eighteenth instructions tendered by appellant and the fifth and twenty-seventh given by the court at the request of appellee, and hold that there was no error in the refusing to give or in the giving of said instructions.

Appellant next contends that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. The evidence is quite voluminous and is not only sufficient to sustain the verdict, but it overwhelmingly establishes the fact that the contract entered into by Hillis was impossible of performance, and that the ditch as finally constructed under the reletting contract was materially different from that which Hillis was required under his contract to construct. The verdict is therefore, sustained by the evidence, and is not contrary to law.

The bond sued on contains a provision for the payment of attorney fees. The court refused to permit appellant to prove the value of such fees. It is not 4. necessary for us to determine whether under the law, appellant was entitled to such fees in case of a recovery. It is clear that he would not be entitled to recover such fees where the judgment is against him. There was therefore, no reversible error in the action of the court in refusing to allow him to prove the value of such fees.

Ninety-five of the 149 specifications in the motion for a new trial relate to the action of the court in overruling objections to questions asked the witness Vernon, who was surveyor of Cass county in charge of the construction of the ditch from January 1, 1905, to January 1, 1907. The questions to which objections were made, in the main, related to the alleged errors and discrepancies in the plans, specifications and profile which had been reported by the viewers and under which the ditch was being constructed by Hillis. Appellees were claim-

ing that it was not possible to construct the ditch because of the defects in the said plans, specifications and profile. We have held that this was a good defense. There was no error in overruling the objections to the questions relating to that subject.

Appellant also contends that the verdict of the jury is not sustained by sufficient evidence. He says there is not a scintilla of evidence to support the answers of impossibility which was the theory upon which the case was tried. There were a number of witnesses who testified on this question, the most of them being civil engineers, and practically all of whom testified that it was not possible to construct the ditch according to the original plans. The evidence was, to say the least, conflicting. This being true, we cannot disturb the verdict. It was sustained by the great weight of the evidence, and is not contrary to law.

Judgment affirmed.