## JOHNSON, ADMINISTRATOR, v. BECKNER.

[No. 11,175.   Filed December 5, 1922.]

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by G. Edwin Johnston, administrator of the estate of David Andre, deceased, against Horace G. Beckner. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Florea, Broaddus & Clifton,* for appellant.
*Charles H. Cook,* for appellee.

McMAHAN, J.—Appellant's decedent, David Andre, and appellee, each being the owner of certain real estate entered into a written agreement whereby they agreed to exchange their real estate and certain personal property. The real estate so owned by Mr. Andre was to be conveyed to the appellee subject to a mortgage for $7,500. Subsequent to the execution of this contract the parties executed deeds conveying to the other the real estate described in the contract. The deed from Andre to appellee was made subject to the mortgage for $7,500, the consideration named in such a deed being $20,000.

Appellee having failed to pay the debt secured by the mortgage on the real estate so conveyed to him, suit was commenced by the owner of such mortgage against Andre and appellee, which resulted in a personal judgment being rendered against Andre and a decree foreclosing the mortgage as to both Andre and appellee. The real estate was sold by the sheriff but did not sell for a sum sufficient to satisfy the judgment. Andre was compelled to and did pay the deficiency, which amounted to $722.74.

This is an action by appellant against appellee to recover said $722.74, upon the theory that there was an implied promise by appellee to indemnify Andre on account of the payment so made on the debt secured by the mortgage on the land conveyed to appellee.

The cause was tried by the court, and the facts found specially. In addition to the facts heretofore stated the court found that the only consideration for the conveyance of the real estate conveyed by the parties was fully set out in the contract above referred to, and that such consideration was the only consideration for the conveyance from Andre to appellee; that appellee fully executed all the terms of said contract on his part and conveyed and delivered to Andre all the property which he agreed to convey and deliver to Andre; that no part of the consideration for the conveyance of the real estate to appellee remained in the hands or possession or subject to the control of appellee after the conveyance of said real estate to him; that the whole of the

consideration was delivered to Andre in accordance with the terms of the contract; that appellee did not assume or agree to pay the mortgage indebtedness as a part of the consideration for the conveyance of said real and personal property conveyed to him; that appellee did not agree as a part of the consideration for the said conveyance to indemnify and save Andre harmless by reason of the failure of the real estate so conveyed to appellee to sell for a sum sufficient to satisfy and pay such mortgage indebtedness; and that appellee did and performed all he was required to do under and by virtue of said contract.

Upon the facts the court concluded as a matter of law that appellant was not entitled to a recovery and rendered judgment accordingly. Appellant states as an abstract proposition of law that when land is conveyed by a deed, subject to a mortgage, and the amount of said mortgage is deducted from the purchase money and in effect retained by the vendee, or treated as a part of the purchase money, the law implies an agreement that the vendee will indemnify the grantor against any loss he may suffer by being compelled to pay any deficiency remaining upon the sale of the property under a decree of foreclosure.

Since the appellant does not challenge the correctness of the conclusions of law upon the facts as found, or claim that the decision is contrary to law, we do not deem it necessary to enter into a discussion of this question. For a discussion of the question, however, see McMahan v. Stewart (1864), 23 Ind. 590; Wayne, etc., Loan Assn. v. Beckner (1922), 134 N. E. (Ind.) 273; and Gregory v. Arms (1911), 48 Ind. App. 562, 96 N. E. 196.

The only contention of appellant is that the finding of the court is not sustained by sufficient evidence and that his motion for a new trial should have been sustained for that reason. The evidence in our judgment is sufficient to sustain the finding of the court. We do not deem it necessary to review or set the evidence out in detail. There was no error in overruling the motion for a new trial.

Judgment is affirmed.